MATTER OF C——

Application for Certificate of Citizenship

A–11452378

*Decided by Regional Commissioner August 6, 1959*
*Approved by Assistant Commissioner*

**Presumption of lawful admission—8 CFR 101.1(j)—Not applicable where no passport was issued—Exemption from passport requirement does not render applicant eligible.**

The presumption of lawful admission for permanent residence under 8 CFR 101.1(j)(1) is available only to an alien who was erroneously issued a United States passport or included in the passport of his citizen parent accompanying him or to whom he was destined. Hence, a Canadian-born alien child, erroneously admitted in 1943 as a United States citizen, accompanied by a United States parent, who was not issued or included in a United States passport, cannot be presumed to have been lawfully admitted, notwithstanding that, as a Canadian national, the child was exempt from passport requirements.

**BEFORE THE REGIONAL COMMISSIONER**

**Discussion:** This case is on appeal from a decision of the district director, dated April 27, 1959, denying the application for a certificate of citizenship upon the ground that there is no record of applicant's lawful admission for permanent residence.

The record discloses that applicant was born in Canada on May 26, 1941, to a native-born citizen mother and an alien father. Her mother had resided in the United States from birth on January 8, 1920, to 1938, when she went to Canada to reside. She returned to the United States on February 20, 1943, accompanied by the applicant. On that date applicant was erroneously admitted as a citizen of the United States. Neither she nor her mother had a United States passport, nor was the applicant then in possession of an immigration visa. Her father was naturalized on September 16, 1949.

Section 201(g) of the Nationality Act of 1940, in effect at the time of the applicant's birth, conferred citizenship at birth upon:

A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its

outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien * * *.

Since her mother had not resided in the United States for the required ten-year period prior to May 26, 1941, the date of the applicant's birth, the applicant did not acquire citizenship at birth (*Matter of S——F——*, 2 I. & N. Dec. 182).

The applicant claims that she derived citizenship through the naturalization of her father on September 16, 1949.

Section 313 of the Nationality Act of 1940, then in force, provided:

A child born outside of the United States, one of whose parents at the time of the child's birth was an alien and the other of whose parents then was and never thereafter ceased to be a citizen of the United States, shall, if such alien parent is naturalized, be deemed a citizen of the United States, when—

(a) Such naturalization takes place while such child is under the age of eighteen years; and

(b) Such child is residing in the United States at the time of naturalization or thereafter and begins to reside permanently in the United States while under the age of eighteen years.

No issue is raised as to any of the above conditions, except that of the applicant's permanent residence in the United States at the time of her father's naturalization.

Lawful permanent residence has always been a prerequisite to derivative citizenship (Senate Report No. 1515, 81st Cong., 2d Sess., p. 707; see too, *Matter of M——*, 3 I. & N. Dec. 815). Until one is admitted in conformity with the immigration laws, no rights of citizenship can be acquired (*United States ex rel. Goldman v. Tod*, 3 F.2d 836). Even though an alien may reside physically within the United States, if he be in an excluded class, such residence cannot be considered as a permanent residence (*Schneider v. United States Immigration and Naturalization Service*, 65 F. Supp. 377, affirmed 161 F.2d 1022 (1947)).

Not having acquired citizenship at birth, the applicant was an alien at the time of her admission to the United States and as such was required to be in possession of a valid immigration visa to be lawfully admitted for permanent residence. She was not in possession of such a document. Accordingly, she was excludable and not lawfully residing in the United States at the time of her father's naturalization. See *Matter of S——F——, supra.*

Applicant maintains that her admission as a citizen was the fault of this Service and that she was not informed that such admission was erroneous until her application was denied. This argument is adequately answered by the following comments of the court in *Schneider v. United States Immigration and Naturalization Service, supra*:

422

\* \* \* irrespective of who was to blame, and certainly this petitioner, due to his infancy when he crossed the border, could not be held accountable, this court is bound to follow the interpretation placed upon the word 'dwelling' as announced by the Supreme Court.

Although that case involved a prior statute, its rationale is applicable to the instant case.

It remains to be determined whether the applicant's erroneous admission as a citizen may be presumptively regarded as a lawful one for permanent residence.

Part 101.1(j), Title 8, Code of Federal Regulations, presumes a lawful admission for permanent residence in the case of:

(1) An alien for whom there exists a record of admission prior to September 11, 1957, as a United States citizen who establishes that at the time of such admission he was the child of a United States citizen parent; he was erroneously issued a United States passport or included in the United States passport of his citizen parent accompanying him or to whom he was destined; no fraud or misrepresentation was practiced by him in the issuance of the passport or in gaining admission; he was otherwise admissible at the time of entry except for failure to meet visa or passport requirements; and he has maintained a residence in the United States since the date of admission. \* \* \*

Applicant meets all the requirements of this portion of the regulations except that she had not been erroneously issued a passport or included in the United States passport of her citizen mother. As pointed out above, neither the subject nor her mother had a passport. Absent this essential requirement, this portion of the regulations affords no benefit to the applicant.

It is urged that the passport requirement has no application to the instant case for the reason that passports were not required under the circumstances of the applicant's entry from Canada. This contention must be rejected. The language of Part 101.1(j) is clear and unambiguous. No exceptions or deviations are set forth. Literal compliance therewith is necessary in order that an entry may be presumed lawful for permanent residence.

In view of the foregoing, it is concluded that the subject has failed to establish that she was lawfully admitted into the United States for permanent residence. Lacking this essential element, she did not derive citizenship upon the naturalization of her father and she is not of the class of persons to whom issuance of a certificate of citizenship is authorized. The decision of the district director will be affirmed.

**Order:** It is ordered that the decision of the district director denying the application for a certificate of citizenship be and the same hereby is affirmed.